IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| Blanca Estela Estribero Martinez and, Edgar Adan Guzman    Plaintiffs. <br> v. <br><br> RG Maintence, Inc. and Raul Gaytan Guzman individually, <br>                Defendants. <br><br> Griselda Perez <br>         Third Party Respondent. | Case No. 1:22-cv-01482 <br><br> Judge Martha M Pacold |

### Plaintiff's Motion to Confirm Conditional Judgment entered against Third Party Respondent Griselda Perez (Opposed)

**Now come** Plaintiffs Blanca Estela Estribero Martinez and, Edgar Adan Guzman; (cumulatively "Plaintiffs"), by their attorneys Justicia Laboral LLC, and in support of their to Motion to Confirm Conditional Judgment (Opposed) entered against Third Party Respondent Griselda Perez ("Griselda" or "Perez"), states as follows:

1. On April 13, 2023, the Court entered a judgment in favor of Plaintiffs and against Defendants RG Maintence, Inc. and Raul Gaytan Guzman ("Defendants") in the amount of $124,389.38. Dckt. #28.

2. On January 9, 2024 and March 12, 2024, Plaintiff issued a Third Party Citation to Discover Assets ("3CDA") to Third Party Respondent Griselda Perez ("Griselda"). Dckt. #29 and #33. It is believed she is holding funds of Defendant Raul Gaytan Guzman, that may be set against the judgment.

3. On March 21, 2024, the 3CDA was served upon Griselda by special process server. The Proof of Service was filed with the Court. Dckt. #34. The return date for the 3CDA was April 12, 2024 in Plaintiffs' counsel's offices. Griselda did not appear for the 3CDA on April 12, 2024.

4. Plaintiff moved for a conditional judgment to be entered against Perez as a result of her failure to answer the citation or to provide documents responsive to the requests. On May 10, 2024, the Court entered a conditional judgment against Griselda Perez, and authorized Plaintiff to issue a summons to confirm the same. Dckt #40 and 41.

5. Plaintiff issued the Summons to Confirm the Conditional Judgment. Dckt. # 48. On June 25, 2024, Plaintiff's special process server served Griselda with the Summons to Confirm the Conditional Judgment. Dckt. #51.

6. At the return date of the Summons to Confirm, Griselda Perez and Defendant did not appear at Court. Dckt #54.

7. Defendant has not cooperated with any citations to discover assets served upon him. Defendant's actions are simply a delay tactic and that he has no intention on working towards settling the judgment. As a result of Defendant's refusal to negotiate in good faith, Plaintiffs must continue to proceed with the case. On June 25, 2024, Plaintiff's counsel spoke with Defendant regarding the suit. After explaining the procedural posture of the case, Plaintiff's counsel suggested to Defendant he should provide an offer to settle the matter in writing or comply with the Citation and Rule to Show Cause served upon him. He has not contacted Plaintiff's counsel since.

8. Likewise, Third Party Respondent, Griselda Perez has ignored the notices sent to her and failed to cooperate on her served 3CDA. Her failure to appear on the citation and the hearing of conditional judgment illustrate that she has no intention of cooperating or working towards disclosure pursuant to the pending citation. Her delay in responding can only potentially buy time to perhaps hide assets and is harmful to Plaintiff, and inherently unjust.

9. Defendant operated his business from 429 Marion Avenue, Aurora, IL 60505 ("Aurora Property"). See attached Exhibit A – Corporate Detail Report for RG Maintence; Ex. A is incorporated herein. Defendant and Griselda Perez were quitclaimed the Aurora Property on

October 16, 2018. See attached Exhibit B – Deed for Aurora Property; Ex. B is incorporated herein. While the Deed states that Griselda Perez and Defendant were married, on June 25, 2024, Defendant told Plaintiff's counsel that they are not in fact married. Neither Griselda Perez nor Defendant have provided any information or documents to further investigate their business or personal relationship. Given that the Aurora Property is owned by both of them and Defendant operated his business there, it is likely Defendant paid rent, a security deposit, or some other value for the opportunity to operate his business. There is a good faith basis to believe Griselda Perez was and is holding assets that may be applied to the judgment. Further, Defendant confirmed that the summons to confirm the conditional judgment was served on Griselda, an indication that they continue to have a personal or business relationship.

10. Confirming the Conditional Judgment entered against Griselda Perez is both justified and authorized by law.

### Relevant Law

11. Federal Rule 69(a)(1) of Civil Procedure provides:

"**Execution. (a) In General**. (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

The enforcement of money judgment in this case is governed by Illinois law.

12. Section 735 ILCS 5/2–1402 of the Illinois Code of Civil Procedure permits a judgment creditor to initiate supplementary proceedings against a judgment debtor to discover assets of the debtor and to apply those assets to satisfy an unpaid judgment. 735 ILCS 5/2–1402(a) (West 2008); *Stonecrafters, Inc. v. Wholesale Life Insurance Brokerage, Inc.*, 393 Ill.App.3d 951, 958, 915 N.E.2d 51 (2009). Section 2–1402 endows the court with broad powers to compel the application

of discovered assets to satisfy a judgment. *Id.* In fact, the court may compel a third-party citation respondent to turn over assets belonging to the judgment debtor. Id.

13. The procedure for conducting supplementary proceedings shall be prescribed by rules.

735 ILCS 5/2-1402(a). Illinois Supreme Court Rule 277(a) provides:

"**Supplementary Proceeding**. When Proceeding May be Commenced and Against Whom; Subsequent Proceeding Against Same Party. A supplementary proceeding authorized by section 2-1402 of the Code of Civil Procedure may be commenced at any time with respect to a judgment which is subject to enforcement. The proceeding may be against the judgment debtor **or any third party the judgment creditor believes has property** of or is indebted to the judgment debtor."

735 ILCS 5/12-706(a) provides:

"**Conditional judgment**. (a) When any person summoned as garnishee fails to appear and answer as required by Part 7 of Article XII of this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the garnishee, returnable in the same manner as provided in Section 12-705 of this Act, commanding the garnishee to show cause why the judgment should not be made final. **If the garnishee, after being served with summons to confirm the conditional judgment or after being notified as provided in subsection (b) hereof, fails to appear and answer, the court shall confirm such judgment to the amount of the judgment against the judgment debtor and award costs.** If the garnishee appears and answers, the same proceedings may be had as in other cases."

(emphasis added). 735 ILCS 5/2-1402(c)(4) authorizes the court to enter any order upon or judgment against the person in a citation proceeding that could be entered in any garnishment proceeding.

### Argument

14. Plaintiffs served Perez with the 3CDA. She did not appear for an examination in response to the service of the Third Party Citation, she has not provided any documentary response to the Third Party Citation, and she has not answered the Third Party Citation.

15. 735 ILCS 5/12-706(a) provides that Third Party Respondent Perez, having been served with summons to confirm the conditional judgment and failing to appear/answer, should have the conditional judgment entered against her made final in the amount of the judgment against

Defendant and award costs. The judgment against Defendant is $124,389.38.

16. Plaintiff has tried to discuss the matter with Defendant who has claimed to want to work out a settlement. This has proven illusory, as he has not followed up on the same. It is clear that Defendant and Third Party Respondent Perez in fact do not wish to participate in either settlement discussions or in the pending litigation.

**WHEREFORE** Plaintiff requests the Court to confirm the conditional judgment entered against Third Party Respondent Griselda Perez on May 10, 2024 in the amount of $124,389.38 plus all court costs, enter a final judgment for the same amounts against Third Party Respondent Griselda Perez, and for other relief deemed just. A proposed order has been provided herein.

/s/ James M. Dore

**Justicia Laboral LLC**
**James M. Dore (#6296265)**
*Attorneys for Plaintiff*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-550-3775
E: jdore@justicialaboral.com